FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

_Antonio Jones_                                              COMPLAINT

(Enter above the full name of the plaintiff in this action)

V.                                                           Civil Action No. _____

_NJ Doc Central Transportation_                              (To be supplied by the Clerk of the Court)

_Abu Ahsan MD N.J.S.P medical dept. et.al_

_James K. Liu, MD Rutgers Neurosergeon, et.al._
_Ihuoma Nwachukwu, MD N.J.S.P medical et.al._

(Enter the full name of the defendant of defendants in this action)

---

INSTRUCTIONS; READ CAREFULLY

1.   This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2.   In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.   You must provide the full name of each defendant or defendants and where they can be found.

4.   You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.   Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of $50.00), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

6. If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7. If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a. Jurisdiction is asserted pursuant to (CHECK ONE)

    __X__ 42 U.S.C. §1983 (applies to state prisoners)

    ____ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

_____

1b. Indicate whether you are a prisoner or other confined person as follows:

    ___ Pretrial detainee

    ___ Civilly-committed detainee

    ___ Immigration detainee

    ___ Convicted and sentenced state prisoner

    ___ Convicted and sentenced federal prisoner

    ___ Other: (please explain)_____

2. Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a. Parties to previous lawsuit:

Plaintiff(s): _____None_____

Defendant(s): _____

b. Court and docket number: _____

c. Grounds for dismissal: ( ) frivolous  ( ) malicious

( ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition: _____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3. Place of Present Confinement? __New Jersey State Prison__

4. Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a. Name of plaintiff: __Antonio Jones__

Address: Second & Cass Streets P.O. Box 861 Trenton N.J. 08625

Inmate #: # 888558/SBI 426794-E

b. First defendant:

Name: Abu Ahsan

Official position: MD

Place of employment: New Jersey State Prison

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Mis diagnosed plantiff injuries and neglected to provide proper health care concerning injuries to left shoulder, Neck, Back, and Head with pituitary Tumor

c. Second defendant:

Name: NJDOC Central Transportation

Official position: Transportation

Place of employment: New Jersey Department of Corrections

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

failed to provide a safe enviroment while exiting vehicle, which resulted in plantiff falling and injuries various parts of plantiffs body

d. If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant. See attached additional paper.

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

   _X_Yes   ___No

   If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

   Prisoner's Kiosk Grievance system from beginning in the month of April Approx 2014, Plaintiff received negative responses after 2016 in which prompted Civil Complaint filing.

   If your answer is "No," briefly explain why administrative remedies were not exhausted.

   _____
   _____
   _____
   _____

6. Statement of Claims

   (State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

   (Please see attached additional paper)
   _____
   _____
   _____
   _____
   _____

7. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff seeks better medical treatment in regards to patient care.
Monetary damages for misdiagnosis and pain and suffering, in which continues to date, in the

amount of Ten Million U.S. Currency

8. Do you request a jury or non-jury trial? (Check only one)

   (X) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ✓ day of January 28, 20 18

*Antonio Jones*
Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

### Page-4: Continued from Civil Rights Complaint

<u>Defendant</u>: <u>Dr. Ihuoma Nwachukwu, MD</u>

<u>Official Position</u>: New Jersey Department Of Corrections Medical

<u>Provider</u>: At the New Jersey State Prison

<u>Place of Employment</u>: New Jersey State Prison

<u>Complaint of Involvement</u>: Failed to adequately provide for plaintiff involving physical therapy, post surgery follow ups, failed to provide the proper health care to plaintiff.

### Page 5-6, Statement Of Claims

On November 27, 2014, plaintiff was seen during nurse call to be provided the following medications, as followed,

<u>Sertraline</u>: Hcl 25MG tabs 1po Am x 90 days

<u>Mirtazapine</u>: 30MG tabs 1po hs x 90 days

<u>Pamelor</u>: 25MG caps one 1po bid x 180 days

<u>Meloxicam</u>: 7.5MG tabs one 1po bid x 180 days

<u>Hipitac</u>: 20Mg tabs one 1po gd x 360 days

<u>Tylenol</u>: with codeine #3 300MG tabs 2po bid Prn, Dot crushed x 90 days

<u>Aspirin</u>: Ec ho-dose 81MG Tbec 1po gd x 360 days

<u>Protonix</u>: 40MG Tbec, one tab 1po daily on an empty stomach x 360 days.

For that plaintiff was diagnosed as having a brain tumor in which required surgery, as to the complaint at hand, on <u>March 9, 2016</u>, plaintiff was seen by nurse provider Jeremy Berg, RN, located at care at New Jersey State Prison, stemming from a fall that had occurred on the above date while returning from a trip,

On March 10, 2016, plaintiff was seen by an orthopedic consultation stemming from the fall that occurred on the day prior on March 9, 2016. Whom which was recommended by Mr. Jeremy Berg, RN, on this date Dr. Ahmir Shakir made these prognosis. Rotator cuff tendinitis, anti-inflammatory medication provided, corticosteroid injection recommended and physical therapy initiated as well,

On May 16, 2016, plaintiff was taken for an MRI from the injury to plaintiff left shoulder at St. Francis Medical Center, located at 601 Hamilton Avenue, Trenton, New Jersey 08629, and the prognosis was full rotator cuff tear and also appeared to be a full-thickness tear of the leading edge insertion of the supraspinatus tendon, and surgery was recommended,

On November 16, 2016, surgery was performed on the plaintiff to repair the damaged rotator cuff that was sustained form a fall exiting a D.O.C. Central Transportation Vehicle on March 9, 2016 by Dr. Ahmir Shakir,

Plaintiff has continued to complain from the fall on March 9, 2016. Plaintiff also had surgery stemming from the results of that March 9, 2016 fall exiting the D.O.C. Central Transportation Vehicle, *Please Note that plaintiff also sustained back and knee injuries from the result of the March 9, 2016 fall from a central transportation vehicle, as well as neck pain,

Plaintiff has continued to suffer to date as a result of the March 9, 2016 fall exiting the central transportation vehicle, this comes after surgery to repair shoulder and

continued prescribed medication for lower back pain as well as knee, this comes as a result to the March 9, 2016 fall exiting the central transportation vehicle in which plaintiff severely damaged left shoulder to date, along with lower back and knee pain daily with little to no medical treatment for that its a chronic issue suffering, in which plaintiff live through daily, plaintiff now bring this Civil Complaint in good faith, for that plaintiff have continued to suffer as well as reached out through the medical department as well as the administration in regards to this instant matter, and have exhausted all remedies through the grievance process,

    Orthopedics Dr. Ahmir Shakir, had performed the surgery to repair torn rotator cuff on plaintiff in the year 2016 month of November, however "prior to surgery, and immediately afterwards, plaintiff had informed the surgeon that there was a lot of discomfort post surgery, and plaintiff complaints was chalked up as being frivolous and that because of plaintiffs mental health condition plaintiff was not taken seriously, now" I'm continuing to suffer from the exact same surgically repaired left shoulder, along with <u>neck</u>, <u>back</u>, and <u>knee</u> pain in which plaintiff continue to suffer to date, there have been numerous of complaints regarding this matter with no for seeable future of relief in the near future, for it was clear that something was seriously wrong for that plaintiff have been experiencing a lot of discomfort throughout plaintiffs shoulder, back and knee stemming from the March 9, 2016 fall exiting one of the N.J. D.O.C. Central Transportation Vehicles,

New Jersey State Prison medical provider Ihuoma Nwachukwu, MD was consistently contacted whether through the prison kiosk machine or through grievances that was written, and to no avail, and continuous complaints Dr. Ihuoma neglected to provide proper medical care in which plaintiff continue to suffer to date,

(Please Note) <u>Synopsis of complete history of injuries</u>.

Plaintiff had injured his left arm while being housed at the Ocean County Jail on October 17, 2013, when plaintiff arm was slammed in the door and pain medication was prescribed and x-rays ordered to see the extent of the injuries, please note a grievance was filed in this incident,

On December 19, 2013, plaintiff was involved in an automobile accident in which plaintiff had injured his neck, back and shoulder. Plaintiff was seen by the Community Medical Center Provider Kavala Padmavatbi, MD,

On January 27, 2014, plaintiff Antonio Jones was transferred to Ocean Medical Imaging Center for an MRI of left shoulder without contrast. And the results is as followed: A partial tearing of the supraspinatus tendon without a large partial or thickness component. Ordered by David Dickson, MD,

On March 10, 2014, plaintiff Antonio Jones was seen by Dr. David Dickson regarding plaintiff neck injury and shoulder pain from October 16, 2013 incident, when a steel door had slammed on his arm, plaintiff had concerns that the neck injuries is contributing to some of plaintiffs shoulder and back pain/discomfort,

On March 11, 2014, the MRI showed bulging disc in at C5-

C6 and C6-C7 underlying spinal stenosis cord compression. During this examination ad MRI results it was detected that there was a pituitary mass, and contrast MRI of the brain and pituitary gland are highly recommended, by Dr. Nazir El Abidin, MD,

On May 6, 2014, plaintiff was transferred to Ocean Eye Institute located in Tom River, New Jersey and was seen by Dr. Santangelo and discussed recent diagnosis of pituitary macroadenoma, in which plaintiff complained of vague visual changes, and was informed that the cause of impairment was due to the hemianopsia implying pressure on the optic chasm, normal optic discs with spontaneous venous pulsations, plaintiff was referred to Neurosurgical consult,

On July 5, 2014, plaintiff was seen by Channel Howell, RN at the New Jersey State Prison for a follow up from MRI with reported mass on pituitary gland,

On July 16, 2014, plaintiff was seen for the January 1, 2014, MRI for plaintiffs shoulder and a tear was discovered in the supraspinatus tendon. This was reviewed with the plaintiff by Alejandrina Sumicad NP at the New Jersey State Prison Medical Department,

On August 15, 2014, plaintiff orthopedic consultation report was sent to the New Jersey State Prison Medical Department by Dr. Ahmar Shakir D.O. and it went as followed: Patient presents with rotator cuff tendinitis of his left shoulder, the patient was diagnosed on the MRI with a thickness tear, and was advised to continue physical therapy and anti-inflammatories, please note that plaintiff was having significant difficulties with

his <u>neck</u> as well as his <u>head</u>, and was recently diagnosed with an <u>optic nerve tumor</u> and <u>cervical</u> sprain/strain, possible <u>herniation</u>, and was deferred to Neurosurgeon from the orthopedic stand point, and would benefit from physical therapy to the shoulder and neck,

On September 24, 2014, plaintiff complained of numbness-stiffness-burning sensation in left shoulder - neck - which is limiting plaintiff ability to function daily because of weakness and discomfort, and complained also of severe headaches. This was done through New Jersey State Prison Health Services Report, along with back pain.

On September 29, 2014, plaintiff was seen by provider <u>Alejandrina Sumicad NP</u> of the New Jersey State Prison Medical Department regarding complaint, and consultation report:  Neuro surgery consultation, in which plaintiff was informed that there are no longer performing transsphenoidal surgical intervention at St. Francis, then informed Mr. Jones that he needs referral to care center for opinion and treatment. And requires a complete endocrine evaluation and measurement of all serum hormones including proclactin testosterone, (ACTH), cortisone, and he requires all smals, and was referred to University Hospital for surgical opinion by Dr. Anthony A. Chiurco, MD,

On September 30, 2014, plaintiff was seen by <u>Abu ahsan, MD</u>, at the New Jersey State Prison Medical Department, to schedule in clinic to discuss with plaintiff,

On February 12, 2015, plaintiff again was seen by Abu Ahsan, MD for consultation report and went as followed:  1) MRI brain

with and without contrast, pituitary protocol with stealth, 2) Impr- plaintiff was seen at University Hospital, Newark on February 11, 2015, for evaluation of pituitary adenoma, by Dr. Liu and was informed of large pituitary adenoma with optic nerve compression, and informed plaintiff to return on March 11, 2015, (Please Note) plaintiff is a "high" risk mental health patient,

On February 25, 2015, plaintiff was again seen by <u>Abu Ahsan, MD</u>, at the New Jersey State Prison for a consultation report, and was informed that plaintiff was diagnosed to have pituitary macrodenoma, however Abu Ahsan could not locate plaintiff MRI, but stated that if said that plaintiff tumor was 1cm. Therefore it was indeed a macrodenoma on the pituitary found on accident for that plaintiff was having MRI done stemming from a car accident, an additional MRI was ordered and precautions is needed and plaintiff is in danger of hypoglycemia and precautions needed,

On March 5, 2015, plaintiff had a MRI of his brain and diagnosis was pituitary adenoma,

On March 11, 2015, plaintiff was recommended by Abu Ahsan, MD, to see physical therapist for left shoulder hand exercises for strengthening due to the pain, Doctor call visit follow up - New Jersey State Prison, PT Anne Peregmon, PT, DPT, (please note) plaintiff is <u>mental health high risk inquiry incident</u>,

Plaintiff was re-scheduled for Doctor call at the New Jersey State Prison Medical Department by <u>Abu ahsan MD</u> for a <u>cortisone</u> injection in <u>left shoulder</u> for that plaintiff continue to complain of soreness, and pain in <u>neck</u> & <u>back</u>, F/U in three

months for possible surgical intervention,

On June 30, 2015, plaintiff was seen by PT Anne Peregmon for additional PT recommended by provider Abu Ahsan, and a consultation report was provided by Ms. Peregmon and she stated: Plaintiff with history of pituitary macroadenoma pressing on optic nerve, right/central cervical pain, tear of rotator cuff of left shoulder, since cortisone injection a month ago (approx.) and pain in lower back area, as well as in the neck region, plaintiff was asked by PT, why do you think PT will help plaintiff stated Dr. Abu Ahsan, MD, sent him. (Please note: PT did not help in the past). Plaintiff voiced this concern to Abu Ahsan, MD, however Dr. Ahsan never even considered plaintiff concerns. Now because of this Doctors inconsideration plaintiff is suffering daily to date, which prompted this complaint,

On October 22, 2015, plaintiff was scheduled for surgery to repair left shoulder rotator cuff by James Brewin, APN, MSN <u>Orthopedic consultation</u> and the impression is impingement syndrome with partial thickness tear, left shoulder,

On November 22, 2015, plaintiff was transferred to St. Francis Medical Center for surgery on left shoulder,

On November 23, 2015, Dr. Ahmar Shakir, DO, performed the surgery to repair rotator cuff of plaintiff left shoulder,

On December 3, 2015, plaintiff was seen by Abu Ahsan, MD, sick call for follow up of shoulder surgery. Abu Ahsan, MD, informed plaintiff that the hx of pituitary tumor, the work up was on hold until completion of orthopedic procedures was

done,

Plaintiff then was informed by Abu Ahsan that, now plaintiff ortho procedure is done, will initiate further eup of pituitary tumor as was advised by neurosurgeon, at University Hospital fup in two weeks,

On March 9, 2016, and after many trips to the hospital for post op surgery of left shoulder and neurosurgeon for pituitary tumor, plaintiff was returning back to the New Jersey State Prison when plaintiff fell exiting a D.O.C. Central Transportation Vehicle injuring again left shoulder, neck, back and knee (see above complaint regarding this matter in detail, prior to synopsis),

Plaintiff still to this date suffer from severe headaches for that the tumor has not been surgically removed yet, since being discovered in the year 2014 accidentally from an MRI for neck, back and shoulder injury from a motor vehicle accident,

Plaintiff also suffers from neck, back and shoulder pain daily along with severe headaches,

Lastly, plaintiff has broken down mentally and physically from inadequate health care, and take psyc medications as well as see pysc for these problematic issues for the neglect of the medical department and staff at the New Jersey State Prison Medical Department,

*(Please Note James K. Liu D.O of Rutgers Neurosurgeon was not listed above as to the address and defendant to question? b page 4,

<u>Name</u>:   James K. Liu Rutgers Neurosurgeon

**Official Position:** DO

**Place of Employment** Rutgers University Neurosurgeon

How is person involved in case?

(i.e., What are you alleging that this person did.)

Failed to provide plaintiff with the proper diagnosis to proceed with the removal of pituitary tumor, because of this missed diagnosis of the plaintiffs medical history surgery was never performed and plaintiff continue to suffer to date.