# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO JONES, | Civil Action Nos. 18-1454 (PGS-DEA) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| NJ DOC CENTRAL TRANSPORTATION, et al, | |
| Defendants. | |

Plaintiff, a prisoner at New Jersey State Prison ("NJSP"), is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). He has also moved for the appointment of pro bono counsel. (ECF No. 2). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court shall permit the complaint to proceed in part.

1. Plaintiff alleges defendants misdiagnosed his injuries and neglected to provide proper care for injuries sustained in a fall from a New Jersey Department of Corrections ("NJDOC") Central Transportation vehicle as well as a brain tumor.

2. Plaintiff sets forth his medical history beginning in October 2013 with an arm injury at the Ocean County Jail. (ECF No. 1 at 11). Plaintiff received an MRI on March 10, 2014 that showed a pituitary mass. (*Id.* at 11-12). He was diagnosed with pituitary macroadenoma on May 6, 2014. (*Id.* at 12).

1

3. Plaintiff continued to receive care for his condition at NJSP by Dr. Abu Ahsan. (*Id.* at 12-13).

4. Dr. Ahsan saw Plaintiff on February 12, 2015. Plaintiff had been seen the previous day by Dr. Liu, a neurosurgeon at Rutgers. Plaintiff was to return to Dr. Liu on March 11. (*Id.* at 13-14).

5. Dr. Ahsan continued to monitor Plaintiff's condition and referred him to physical therapy for his left shoulder on March 11, 2015. (*Id.* at 14). Plaintiff received a cortisone injection in roughly May 2015. (*Id.* at 15).

6. Plaintiff received physical therapy and rotator cuff surgery on his left shoulder on November 23, 2015. (*Id.*)

7. Dr. Ashan told Plaintiff that follow-up on his pituitary tumor could now begin as Plaintiff's orthopedic work was completed. (*Id.* at 16).

8. On March 9, 2016, Plaintiff fell out of a NJDOC transportation van upon returning from a trip. (*Id.* at 8).

9. He reinjured his left shoulder and had to have another surgery on his rotator cuff. (*Id.*).

10. Plaintiff alleges Defendants have failed to care for his injuries properly and have yet to remove the pituitary macroadenoma from his brain. He states he suffers from severe headaches and daily neck, back, and shoulder pain. (*Id.* at 16).

11. The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to

sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees.

12. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

13. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

14. In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although pro se pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

15. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

16. Plaintiff has failed to state a claim against Ihuoma Nwachukwu. He has not stated any facts about Dr. Nwachukwu's personal participation in the alleged denial of medical care or malpractice beyond a vague allegation that Dr. Nwachukwu failed to respond to Plaintiff's grievances. Without more information as to Dr. Nwachukwu's personal involvement, there are insufficient facts to state a claim.

17. Plaintiff also has not stated a negligence claim against the NJDOC. Under New Jersey law, "[t]he fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014). Plaintiff has not alleged how the NJDOC breached its duty of care. This claim is dismissed without prejudice.

18. Plaintiff's Eighth Amendment denial of medical care and state medical negligence claims shall be permitted to proceed against Dr. James K. Liu, Dr. Abu Ahsan, and the NJSP Medical Department.

19. Plaintiff's motion for the appointment of counsel shall be addressed by separate order.

IT IS on this 9th day of October, 2018,

**ORDERED** that all claims against Defendants Ihuoma Nwachukwu and NJ DOC Central Transportation are hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Eighth Amendment denial of medical care and state medical negligence claims against Dr. James K. Liu, Dr. Abu Ahsan, and the NJSP Medical Department shall **proceed**; and it is further,

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** that the Clerk of the Court shall send a Copy of this Order to Plaintiff by regular mail.

*[signature]*
Peter G. Sheridan, U.S.D.J.

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).