UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO JONES, | |
| Plaintiff, | Civ. No. 18-1454 (PGS) (DEA) |
| v. | MEMORANDUM |
| DR. JAMES K. LIU, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, Antonio Jones ("Plaintiff" or "Jones") is proceeding through appointed counsel with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 33). Presently pending before this Court is Defendant Ihuoma Nwachukwu's motion to dismiss the amended complaint against her for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF 56). For the following reasons, the motion to dismiss will be granted; however, the amended complaint as it pertains to Nwachukwu shall only be dismissed without prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff's claims arise from the medical care, or lack thereof, he has received while incarcerated at the New Jersey State Prison ("NJSP"). Plaintiff asserts that numerous Defendants, including Nwachukwu, failed to properly treat Plaintiff's pituitary tumor for four years. Second, Plaintiff complains that Defendants, including Nwachukwu, failed to properly treat Plaintiff's

---

[1] Because the only matter currently pending before this Court is Nwachukwu's motion to dismiss, only the relevant facts of the amended complaint as it relates to Nwachukwu will be recited.

shoulder injuries with surgery. By doing so, Plaintiff alleges Nwachukwu violated Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment.

Plaintiff alleges Nwachukwu works as a physician at NJSP's medical unit. (*See* ECF 33 at ¶ 6). Some of her duties include supervising healthcare personnel at NJSP. (*See id.*).

With respect to Plaintiff's specific allegations against Nwachukwu, he states Nwachukwu was fully aware of his pituitary tumor, but she acted with deliberate indifference. (*See id.* at ¶ 28). Plaintiff also alleges Nwachukwu ignored Plaintiff's shoulder injuries and misrepresented to other prison personnel that Jones' concerns of pain were being satisfactorily addressed. (*See id.* at ¶ 44).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility standard" requires that the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is 'not akin to a probability requirement.'" *Id.*

(quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pleaded; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

A court conducts a three-part analysis in analyzing a motion to dismiss pursuant to Rule 12(b)(6). *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* Additionally, it is worth noting that "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *See Pension Ben.*

3

*Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

## IV. DISCUSSION

As previously noted, Plaintiff is attempting to bring an Eighth Amendment claim against Nwachukwu for the delay/denial of medical treatment as it related to his pituitary tumor and shoulder injury.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a

physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

Plaintiff allegations against Nwachukwu are conclusory and fail to state with any facial plausibility that she is liable to Plaintiff under the Eighth Amendment. By way of example, Plaintiff's only allegation against Nwachukwu with respect to his pituitary tumor is that she was aware of his medical condition, but deliberately indifferent. Plaintiff fails to state how or why Nwachukwu became aware of his condition and was then deliberately indifferent by her inaction.

Plaintiff's allegations with respect to his shoulder injury suffers from a similar pleading defect. Indeed, Plaintiff's allegation that Nwachukwu ignored and misrepresented his concerns about pain is conclusory, lacking what is required to state a claim under the *Iqbal/Twombley* standard.

Plaintiff's allegation that Nwachukwu had supervisory responsibilities in the medical unit at NJSP does not change this result. With respect to supervisors, the United States Court of Appeals for the Third Circuit has

> recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

5

*Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *see also A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). More specifically, as this Court has noted:

> To establish supervisory liability, a plaintiff must show: "(1) the existence of a policy or practice that created an unreasonable risk of an Eighth Amendment violation; (2) the supervisor's awareness of the creation of the risk; (3) the supervisor's indifference to the risk; and (4) that the plaintiff's injury resulted from this policy or practice." *Thorpe v. Little*, 804 F. Supp. 2d 174, 184 (D. Del. 2011), citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). Put another way, supervisory liability "may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or if the supervisor's actions and inactions were 'the moving force' behind the harm suffered by the plaintiff." *Jackson v. Taylor*, 2006 WL 2347429, at *2 (D. Del. 2006).
>
> A defendant could be held liable for personal involvement, but for there to be personal involvement, "[a]llegations of participation or actual knowledge and acquiescence...must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).
>
> As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *See Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dept. Of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In *Iqbal*, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Thus, each government official is liable only for his or her own conduct. The Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct. See *id*, 129 S. Ct. at 1949.

*Szemple*, 2016 WL 1228842, at *5.

Plaintiff's complaint is devoid of allegations regarding a pattern or practice that would potentially make Nwachukwu liable under that theory. Furthermore, he fails to allege with any

6

facial plausibility that Nwachukwu participated in violating Plaintiff's rights, directed others to violate Plaintiff's rights, or, that she had knowledge of and acquiesced in their subordinates' violations. Accordingly, Plaintiff fails to state a claim against Nwachukwu under a supervisory liability theory.

Nwachukwu requests the dismissal of the amended complaint with prejudice. However, at this time, this Court shall dismiss the claims against Nwachukwu without prejudice. Nevertheless, given that Plaintiff has already had two unsuccessful opportunities to allege a claim against Nwachukwu, and given that he is now represented by counsel, Plaintiff shall only have one more opportunity to allege a claim against Nwachukwu should he elect to do so.

## V. CONCLUSION

For the foregoing reasons, Defendant Nwachukwu's motion to dismiss is granted. The claims against her in the amended complaint are dismissed without prejudice for failure to state a claim. An appropriate order will be entered.

DATED: October 28, 2020

PETER G. SHERIDAN
United States District Judge